580 F.2d 702
 In the Matter of the Complaint of ALLIED TOWING CORPORATION
as owner of the TANKBARGE ATC 3060, limitation of
liability, Appellant,
v.
Leonard TATEM, Lum C. Plum, Earl D. Kennedy, Kay J. Brown,
as Administratrix of the Estate of Edward Carol Brown,
Deceased, The Aetna Casualty and Surety Company, William
Roland Sloan, and Edgar J. Rhodes, Administrator of the
Estate of Terrance L. Rhodes, Deceased, Appellees,
and
CPC International Inc., Star Towing Corporation, Mrs.
Mildred L. Mayo, Rosso& Mastracco, Inc., Harvey L.
Howlett, t/a Howlett Elevator Company,
Heco, Inc., and Mr. and Mrs.
Frank Everett, Defendants.
 No. 77-1648.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 5, 1978.
Decided July 18, 1978.
 
 Charles F. Tucker, Norfolk, Va. (John B. King, Jr., Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellant.
 Alan P. Owens and Ralph Rabinowitz, Norfolk, Va., for appellees.
 Before BUTZNER, Circuit Judge, LAY, Circuit Judge for the Eighth Circuit, sitting by designation, and RUSSELL, Circuit Judge.
 PER CURIAM:
 
 
 1
 Allied Towing Corp. appeals from an order of the district court denying a petition in admiralty for exoneration or limitation of liability. It also appeals the court's denial of summary judgment with respect to claims involving interpretation of the Longshoremen's and Harbor Workers' Compensation Act. We sustain the district court's rulings but remand the case for modification of the judgment in light of an intervening decision of this court.
 
 
 2
 * Numerous death, personal injury, and property damage claims arose from the explosion of a barge owned by Allied while it was being repaired by Allied employees at Allied's dock. Allied promptly petitioned for exoneration or limitation of liability. The evidence disclosed that immediately before the explosion, the barge carried a grade of fuel for which it was not certified by the Coast Guard. The flash point range for this fuel was lower than the range for the fuel that properly could have been carried. When a leak was detected, the barge was brought in for repairs, but the fuel tanks were not freed of residual gas before employees started welding.
 
 
 3
 On March 9, 1976, the district court denied Allied's petition for exoneration, ruling that its negligence proximately caused the explosion in three respects: failure to insure that the barge transported only grades of fuel for which it was certified under Coast Guard regulations, failure to provide a systematic method to secure gas free certifications or to assure the gas freeing of a vessel before repairs were commenced, and failure to procure a gas free certificate prior to commencing welding. The court also found that Allied's supervisory personnel were privy to all three aspects of the negligence and therefore denied the request for limitation of liability. This decision is reported as Complaint of Allied Towing Corp., 409 F.Supp. 180 (E.D.Va.1976).
 
 
 4
 Relying on the theory that the Longshoremen's and Harbor Workers' Compensation Act bars an employee engaged in ship repair from suing his employer, Allied then moved for summary judgment on the personal injury and death claims asserted by its employees or their personal representatives. On August 2, 1976, the court ruled that the negligent carrying of an improper grade of fuel was imputable to Allied in its capacity as a shipowner and that the claimants could maintain actions under the Act for that negligence. It barred the cause of action based on Allied's negligence in repairing the vessel. The court also dissolved an earlier order restraining claimants from instituting actions against Allied in other forms. This decision is reported as Complaint of Allied Towing Corp., 416 F.Supp. 1207 (E.D.Va.1976).
 
 
 5
 A property damage claim asserted by Aetna Casualty and Surety Co. remained before the district court, which granted Aetna's motion for summary judgment on January 26, 1977.* On February 17, 1977, the court entered a final order dismissing Allied's exoneration and limitation petition with prejudice. This appeal promptly followed.
 
 II
 
 6
 The appellees contend that Allied failed to take timely appeals from the order of March 9, denying exoneration and limitation of liability, and from the order of August 2, denying Allied's motion for summary judgment and dissolving the stay. Allied, however, was under no compulsion to appeal these interlocutory orders. See 16 Wright, Miller, Cooper, and Gressman, Federal Practice and Procedure § 3927, at 124 (1977); 9 Moore's Federal Practice P 110.18, at 205-07, P 110.19(3), at 209 (2d ed. 1973). Allied filed a timely notice of appeal from the final judgment rendered after Aetna's claim was tried. This court therefore has jurisdiction over all issues raised on appeal.
 
 III
 
 7
 Allied assigns error to the ruling that use of the barge to carry fuel for which it was not certified was a proximate cause of the explosion. It also challenges the district court's holding that the injured employees are not barred by the Compensation Act from recovering damages from Allied in its capacity as shipowner. We affirm these aspects of the district court's judgment for reasons adequately stated in its opinions, Complaint of Allied Towing Corp., 409 F.Supp. 180 and 416 F.Supp. 1207 (E.D.Va.1976). The district court's imposition of liability on Allied in its capacity as owner for negligent use of the barge, as distinguished from its negligence as repairer, is supported by Judge Gibbons's exhaustive opinion in Griffith v. Wheeling Pittsburgh Steel Corp., 521 F.2d 31, 38-44 (3d Cir. 1975), which deals with this same issue in a different factual context.
 
 
 8
 The employees' recovery against Allied in its capacity as a shipowner is restricted, however, by the principles explained in Edmonds v. Compagnie Generale Transatlantique, 577 F.2d 1153 (4th Cir. 1978) (en banc). There we held that when a longshoreman is injured through the combined negligence of the ship and the stevedore, as well as through his own negligence, he may recover from the ship only "that proportion of the total damages which matches (the ship's) proportion of fault." 577 F.2d at 1154. We now hold that the same restriction on recovery of damages applies to an employee engaged as a repairman. 33 U.S.C. § 902(3) (Supp. II 1972). Allied therefore is exonerated to the extent that the injuries to its employees were caused by the negligence of persons repairing the vessel. 33 U.S.C. § 905(b). Since the district court did not apportion Allied's fault between its capacities as repairer and owner, the case must be remanded for further proceedings in light of Edmonds.
 
 
 9
 The judgments of the district court are affirmed in part and vacated in part, and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 We summarily affirmed the judgment in favor of Aetna. Allied Towing Corp. v. Tatem, No. 77-1648 (4th Cir., March 30, 1978) (unpublished)