Calvin RICHARDSON and Thywenston
G. Swain, Appellants,

v.

NORFOLK SHIPBUILDING AND DRY-
DOCK CORPORATION, Appellee.

No. 79–1686.

United States Court of Appeals,
Fourth Circuit.

Argued April 9, 1980.

Decided June 2, 1980.

Ralph Rabinowitz, Norfolk, Va. (Rabi-
nowitz, Rafal & Swartz, Norfolk, on brief),
for appellants.

John B. King, Jr., Norfolk, Va. (Charles
F. Tucker, Vandeventer, Black, Meredith &
Martin, Norfolk, Va., on brief), for appellee.

Before RUSSELL, WIDENER and
PHILLIPS, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit
Judge:

Plaintiffs Calvin Richardson and Thy-
wenston Swain (claimants) appeal the entry
of summary judgment in favor of defend-
ant Norfolk Shipbuilding and Drydock Cor-
poration (Norfolk Shipbuilding) in this ac-
tion to recover damages for personal inju-
ries allegedly caused by the negligence of a
vessel owned by Norfolk Shipbuilding. We
agree with the district court that their suit
is barred by the exclusive remedies provi-
sions of the Longshoremen and Harbor
Workers Compensation Act (LHWCA), 33
U.S.C. § 905, and affirm.

On May 4, 1978, Richardson and Swain
were employed by Norfolk Shipbuilding as
sandblasters. When they reported to work
that morning they were assigned to work
on the U.S.S. Nashville, a navy ship under-
going repair in the shipyard. The sand-
blasting they were to do required their be-
ing suspended in a tray alongside the Nash-
ville by means of a crane. Because the

work was to be done on the side of the ship away from the pier, the crane used to hoist the tray into position was one mounted atop a wooden barge owned and operated by Norfolk Shipbuilding. The two men were injured when the tray was dropped precipitously to the deck of the barge through fault of the crane operator, also an employee of Norfolk Shipbuilding.

The LHWCA provides for compensation without regard to fault as an employer's exclusive liability to injured employees. 33 U.S.C. § 905(a). Claimants contended below and on this appeal that the immunity thus created does not extend to Norfolk Shipbuilding in respect of this negligence action because in addition to being a compensating employer, Norfolk Shipbuilding was on this occasion also a shipowner exposed to liability for its employee's negligence notwithstanding its status as claimants' employer.

Section 905(b) provides that an employee injured as a result of the negligence of a "vessel" may bring an action for damages against the vessel. Claimants contend that Norfolk Shipbuilding's wooden barge to which the crane was affixed was such a "vessel" and that in Norfolk Shipbuilding's capacity as owner of the barge the negligence of the crane operator must be imputed to it. 33 U.S.C. §§ 905(b), 933; see *Allied Towing Corp. v. Tatem*, 580 F.2d 702 (4th Cir. 1978).[1]

■ It is clear that § 905 immunity does extend to employers who are also shipowners where an injured employee was a repairman or shipbuilder and was injured as a result of the negligence of other employees performing similar functions in respect of an employer-shipowner's vessel. Section 905(b). Richardson, Swain and the crane operator were all engaged in providing repair services to the Nashville. Claimants argue, however, that the relevant "vessel" for purpose of their claim is not the Nashville, but the wooden barge. It was negligence in the operation of the barge, not the

Nashville, that led to their injury, and in respect of the barge the three men were not engaged in repair work but were acting in effect as crew members of this "vessel."

Claimants rely heavily in their argument on *Smith v. Eastern Seaboard Pile Driving, Inc.*, 604 F.2d 789 (2d Cir. 1979). In *Smith*, a scuba diver was drowned in the course of a dive from a tug to examine the damage to a dredge. In an action by the diver's personal representative against the tug's owner as a § 905(b) shipowner, a jury found negligence by the tug in not having a ladder or platform for the diver to return to the tug, and in not having the equipment necessary for his rescue.

The court in *Smith* rejected the argument that the negligence had been part of repair work on the dredge and therefore was not "vessel owner occasioned":

> The absence of a rescue plan, the improper placement of emergency apparatus, and the failure to provide a ladder or platform were all defects in the general operation of the tug, and it is merely fortuitous that they came to light during a dive that was part of a repair program. Furthermore, it cannot be said that the responsibility for providing a safe vessel from which to dive was at any time delegated to employees acting primarily as repairmen.

*Id.* at 796.

■ Claimants here essentially contend that the wooden barge is like the *Smith* tug; the Nashville like the *Smith* dredge; and the barge owner here therefore like the *Smith* tug owner defendant. In the instant case, however, it cannot have been "merely fortuitous" that the accident occurred during repair work. The *only* work performed by the barge was repair work. Nor can it be said that the crane operator here—unlike the tug crewmen in *Smith*—did not act primarily as a repairman. Norfolk Shipbuilding did not distinguish between the shore-based cranes and the floating cranes

---

1. The district court held that the wooden barge was a "vessel" within the meaning of the Act. Because it is unnecessary to our decision, we

do not necessarily embrace that holding. *See Cook v. Belden Concrete Products, Inc.*, 472 F.2d 999 (5th Cir. 1973).

in making work assignments. The crane operator whose negligence caused the claimants' injuries had worked both. Here the fortuity is only that the accident occurred with a floating crane rather than with a shore based crane.

The court in *Smith* summarized the critical inquiry: "The key issue is whether the shipowner's employees who were at fault committed the negligent acts in their capacity as agents of the vessel on the one hand or as employees performing longshoring, ship building, or repair services on the other." *Id.* at 795. We believe that the district court was correct in concluding that the negligence of the crane operator was committed in his capacity as a repairman.

Accordingly, the judgment of the district court is affirmed.

*AFFIRMED.*