**Martin CAVALIER, Plaintiff-Appellant,**

v.

**T. SMITH AND SON, INC., et al.,
Defendants-Appellees.**

No. 81–3143
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 26, 1982.

Rehearing Denied April 13, 1982.

George J. Kambur, New Orleans, La., for plaintiff-appellant.

Thomas W. Thorne, Jr., New Orleans, La., for T. Smith & Son and Employers Nat. Ins. Co.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A longshoreman injured by the negligence of the crew of a vessel may sue the owner of the vessel even though the owner is also his employer, liable to him for compensation under the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950 (1976 & Supp. III 1979). *Smith v. M/V Captain Fred*, 546 F.2d 119, 122–23 (5th Cir. 1977). In this case the district court held that a longshoreman's suit is barred by the provisions of the LHWCA, however, if the negligence that caused the injury is attributable to members of the vessel's crew who are performing stevedoring services when the plaintiff is injured. This holding is based on an express provision of the LHWCA, and we, therefore, affirm.

The facts were stipulated. Because they are set forth at length in the district court's opinion, 499 F.Supp. 650 (E.D.La.1980), we merely sketch them here. T. Smith & Son, Inc. ("T. Smith"), a general contract stevedore, contracted with the owners of the M/V *Sei Shin* to discharge cargo from that ship and to load the cargo into river barges. Martin Cavalier, a longshoreman employed by T. Smith, was a member of a gang of longshoremen working inside a lower hold of the ship hooking up bundles of cargo. The cargo was to be removed from the ship by a crane mounted on the derrick barge *Patricia*, owned and operated by T. Smith, then lying alongside the ship. The flagman and the operator of the derrick crane, both of whom were members of the derrick crew, controlled the passage of cargo as it was lifted up through open hatches of the ship. The crane operator could not see the loads until they cleared the coaming of the hatch at the main deck of the ship, so the flagman was positioned on the main deck of the ship giving hand signals to the crane operator. Cavalier was injured when, solely through the negligence of either the crane operator or the flagman, a draft of pipes failed to clear the hatch coaming, causing the pipes to slip out of their sling and fall into the hold below, injuring Cavalier. T. Smith, through its compensation insurer, paid Cavalier compensation benefits under the provisions of the LHWCA. Cavalier now seeks to recover from T. Smith for negligence in causing his injury.

In *Smith v. M/V Captain Fred, supra*, we analyzed the applicability of 33 U.S.C. § 905(b) when longshoremen working on a vessel owned by their employer are injured through the fault of members of the crew of the vessel. We have since applied its precepts when the crew members were not performing stevedoring work. *Bossard v. Port Allen Marine Serv., Inc.*, 624 F.2d 671 (5th Cir. 1980) (per curiam). However, the scope of *Smith v. M/V Captain Fred* is limited by the statute itself,[1] which provides that an action for "negli-

---

1. Section 905(b) provides:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone oth- erwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the

gence of a vessel" cannot be brought "if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel." That proscription fits this case perfectly. The authority of *Smith v. M/V Captain Fred* stops at the statute's bar. This is the interpretation given the LHWCA by other Courts of Appeals. *Richardson v. Norfolk Shipbuilding & Drydock Corp.*, 621 F.2d 633, 634–635 (4th Cir. 1980); *Smith v. Eastern Seaboard Pile Driving, Inc.*, 604 F.2d 789, 795 (2d Cir. 1979); *Griffith v. Wheeling Pittsburgh Steel Corp.*, 521 F.2d 31, 41 (3d.Cir. 1975), *cert. denied*, 423 U.S. 1054, 96 S.Ct. 785, 46 L.Ed.2d 643 (1976).[2]

We join these courts in following the clear language of the statute and we AFFIRM for these reasons and for the additional reasons set forth in the district court's clear opinion.

employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, *no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel.* If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing ship building or repair services to the vessel. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.

(Emphasis added.)

2. *Accord, Mayfield v. Wall Shipyard, Inc.*, 510 F.Supp. 605, 608 (E.D.La.1981).