**Larry J. DURR, Plaintiff-Appellant,**

v.

**GLOBAL MARINE, INC., Global Drilling and Marine Company, Inc., Defendants-Appellees.**

**No. 81–3193.**

United States Court of Appeals, Fifth Circuit.

March 29, 1982.

Harold J. Lamy, New Orleans, La., for plaintiff-appellant.

Joseph E. Roberts, Maurice C. Hebert, Jr., New Orleans, La., for defendants-appellees.

Before COLEMAN, POLITZ and GARWOOD, Circuit Judges.

POLITZ, Circuit Judge:

This appeal of a summary judgment in favor of the defendant, based upon stipulated facts, poses a sharply focused inquiry. May a longshoreman sue the vessel owner—who, as the employer of the longshoreman, is liable for benefits under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–50—when injured by the negligence of a crewmember

performing stevedoring duties? We recently answered this question in the negative. *Cavalier v. T. Smith and Son, Inc.*, 668 F.2d 861 (5th Cir. 1982). In doing so, we joined our colleagues in other circuits who have similarly interpreted the LHWCA. *Richardson v. Norfolk Shipbuilding & Drydock Corp.*, 621 F.2d 633 (4th Cir. 1980); *Smith v. Eastern Seaboard Pile Driving, Inc.*, 604 F.2d 789 (2d Cir. 1979); *Griffith v. Wheeling Pittsburgh Steel Corp.*, 521 F.2d 31 (3d Cir. 1975), *cert. denied*, 423 U.S. 1054, 96 S.Ct. 785, 46 L.Ed.2d 643 (1976).

Larry J. Durr was employed by Global Drilling and Marine Company, Inc. as a member of a drilling crew on a fixed platform located in the Gulf of Mexico, off the coast of Louisiana. Global Drilling owned the vessel GLOMAR TENDER II, which it utilized in conjunction with the drilling operation. The vessel provided power, equipment, storage and handling, and quarters for the drilling crew. At the time of Durr's accident, he was assisting in the transfer of equipment from the drilling platform to the GLOMAR TENDER II, where it was to be stored. The equipment was being moved by a crane located on the tender and operated by a Global Drilling employee, a seaman, who was a member of the vessel's crew. The crane operator negligently injured Durr.

Durr's claim is based on 33 U.S.C. § 905 and is subject to the limitations and strictures contained in that congressional mandate. In *Smith v. M/V Captain Fred*, 546 F.2d 119, 123 (5th Cir. 1977), we considered the viability of a negligence/unseaworthiness action against a vessel owner-employer after the 1972 LHWCA amendments, which added section 905(b),[1] and held "that an employee may sue his employer qua vessel if he was injured as a result of the vessel's negligence." But *Smith v. M/V Captain Fred* must be read in light of the express language of section 905(b), which excludes an injury to an employee doing stevedoring work which is caused by the negligence of a person providing stevedoring services.

Durr recognizes the statutory bar of section 905(b) but maintains that the crane operator, unquestionably a seaman, was performing ship related work, and not the work of a stevedore at the time of the accident.[2] The trial judge reasoned to the contrary. We agree. Loading and unloading are traditional longshoring activities. Durr and the crane operator were moving the equipment from the platform and loading it onto the vessel. Because they were acting in the capacities of stevedores, this specific limitation of section 905(b) applies.

The judgment of the district court is AFFIRMED.

---

1. Section 905(b) provides:

   In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, *no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel.* If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing ship building or repair services to the vessel. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness of a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.
   (Emphasis added.)

2. Durr relies on the Second Circuit's 905(b) analysis in *Smith v. Eastern Seaboard Pile Driving, Inc.*, a ship repair exclusion case, for support. We are unpersuaded. The factual circumstances surrounding the death of a scuba diver who drowned while inspecting a damaged dredge, distinguish the decision from *Cavalier* and the present suit. In addition, under the Second Circuit's section 905(b) exclusion standard, for the exemptions to apply "the injured worker and the negligent employee must both have been performing the same function, whether it be longshoring, ship building, repair work, or ... some other task," 604 F.2d at 797. Durr could not recover; both he and the negligent crane operator were acting as stevedores.