Ersel **BOGAN**

v.

**BARGE T–13315B, etc., et al.**

**Civ. A. No. 84–1992.**

United States District Court,
E.D. Louisiana.

Feb. 21, 1985.

Leger & Mestayer, Michael J. Mestayer, New Orleans, La., for plaintiff.

Lemle, Kelleher, Kohlmeyer, Hunley, Moss & Frilot, David A. Olson, T.A., John F. Nevares, New Orleans, La., for Marine Equipment Co.

## OPINION

ARCENEAUX, District Judge.

This lawsuit arises out of a personal injury sustained by the plaintiff while moving the barge covers of a grain barge during unloading operations. Plaintiff has sued his employer ITO Corporation ("ITO") (formerly Atlantic & Gulf Stevedores, Inc.) under 46 U.S.C. § 688 (the "Jones Act") and § 905(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b); plaintiff also sued the grain barge owner Marine Equipment Company, the bareboat charterer of the grain barge United Barge Company, and "Certain Underwriters at Lloyds" (collectively "United"), all under 33 U.S.C. § 905(b). ITO and United moved for summary judgment, and after hearing oral argument on January 16, 1985, the Court granted ITO's motion under the Jones Act, with written reasons to be assigned later, and took ITO's other motion, and United's motion under consideration, and ordered supplemental memoranda. Having considered the memoranda of counsel, the record and the applicable law, the Court hereby GRANTS ITO's motion for summary judgment under 33 U.S.C. § 905(b) and DENIES United's motion under 33 U.S.C. § 905(b).

## REASONS FOR GRANTING ITO'S MOTION FOR SUMMARY JUDGMENT UNDER 46 U.S.C. § 688

■ To qualify as a Jones Act seaman the plaintiff must be "assigned permanently to a vessel" or perform a substantial part of his work on the vessel, and contribute to the function of the vessel, or its mission or operation. *Offshore Company v. Robison,* 266 F.2d 769, 779 (5th Cir.1959).

■ Summary judgment in Jones Act cases is rarely appropriate and the determination should ordinarily go to the jury. *Buras v. Commercial Testing & Engineering Co.,* 736 F.2d 307 (5th Cir.1984), *White v. Valley Line Co.,* 736 F.2d 304 (5th Cir.1984). However, summary judgment is proper where "the underlying facts are undisputed and the record reveals no evidence from which reasonable persons might draw conflicting inferences about these facts." *White, supra* at 305, quoting *Bertrand v. International Mooring & Marine, Inc.,* 700 F.2d 240, 244 (5th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 974, 79 L.Ed.2d 212 (1984).

The facts before the Court are contained in a portion of plaintiff's second deposition. The plaintiff stated he has been doing longshoring work for at least 14 years, is a member of the longshoreman's union which classifies him as a longshoreman, and he carries an "A" card entitling him to priority in work assignments. The plaintiff obtains work by going to the union hall to determine what is available on a given day, he is hired for a particular day, and when the job ends he returns to the union hall to be hired out again. All of his longshoring work for the past 15 years has been for stevedoring companies where the work order has come through the union hall. (Deposition pp. 7–10). Before his accident plaintiff was a "regular" on "Robertson's" gang, but on the day of the accident Rob-

ertson wasn't working so plaintiff "went looking for work" which he found with "Bowman's" gang. (Deposition pp. 41–42). Plaintiff does not consider himself to be a member of the crew which mans ITO's crane barge. (Deposition p. 20). Plaintiff's work as a longshoreman is performed on the grain barges, and once he gets off the grain barge he is not working. (Deposition p. 28).

The facts as presented to the Court are that plaintiff worked on a day to day basis wherever the union hall assigned him to work. Plaintiff usually worked with Robertson's gang but if his gang did not have work plaintiff worked wherever he could. Plaintiff only worked on the grain barges and he did not work on ITO's crane barge.

A summary judgment motion requires that the adverse party not "rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56. Plaintiff has produced no facts in support of his contention that he was "assigned to [ITO's crane barge, the] DENISE M as a work base," (memorandum in opposition p. 2) "on a more or less permanent basis" (memorandum in opposition p. 15).

The Fifth Circuit has repeatedly held that seaman status requires a "... vessel relationship that is substantial in point and time and not merely spasmodic". *White, supra* at 306, *Bertrand, supra* at 247, *Jones v. Mississippi River Grain Elevator,* 703 F.2d 108 (5th Cir.1983). Because the plaintiff in the instant case received his employment through the union hall on a day to day basis, on any given day he might work for ITO with the DENISE M, or at some other place, or for some other stevedoring company. This does not constitute a "substantial" vessel relationship.

In addition, the Court notes the Fifth Circuit decision which affirmed the denial of seaman status where the plaintiff's primary responsibilities were only incidental to a vessel. *Prinzi .v. Keydril Co.,* 738 F.2d 707 (5th Cir.1984), *Longmire v. Sea Drilling Corporation,* 610 F.2d 1342 (5th Cir.1980). Mr. Bogan's responsibilities were only on the grain barge and his relationship to the crane barge was incidental.

## REASONS FOR GRANTING ITO'S MOTION FOR SUMMARY JUDGMENT UNDER 33 U.S.C. § 905(b).

Plaintiff stated in his deposition that when the accident happened "... we had just finished unloading one section where we had covers. Then we was pulling the covers for the next cargo to be loaded to the ship." Plaintiff claims the crane operator employed by ITO and on ITO's crane barge started pulling the second set of barge covers before he was signaled to do so, and thus was a contributing cause of his injury. (Deposition p. 44). This allegation is the basis of ITO's liability under § 905(b).

33 U.S.C. § 905(b) provides in part:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof may bring an action against such vessel as a third party in accordance with the provisions of 933 of this title....

If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel.

Assuming plaintiff's allegations as true for purposes of this motion, the negligence of the crane operator is clearly "the negligence of persons engaged in providing stevedoring services" and plaintiff's claim against ITO is barred by 905(b).

The instant case is controlled by *Durr v. Global Marine, Inc.,* 673 F.2d 740 (5th Cir.1982) and *Cavalier v. T. Smith & Sons, Inc.,* 668 F.2d 861 (5th Cir.1982).

In *Durr* the crane operator negligently injured the plaintiff while moving equipment with a crane, and despite plaintiff's argument that the crane operator's negli-

gence was ship related and not that of a stevedore, the Court held plaintiff and the operator were acting as stevedores and the 905(b) limitation applied. Similarly, *Cavalier* held the plaintiff longshoreman could not recover under § 905(b) for injuries sustained where either the crane operator, or the flagman signalling the operator, negligently allowed suspended cargo to fall on the plaintiff.

Plaintiff attempts to show vessel negligence by alleging the accident was caused by movement of the barge, which is analogous to movement of a barge in navigation, but this is not supported by plaintiff's deposition, nor by the portions of the deposition of David Lyons cited by the plaintiff.

Plaintiff incorrectly cites *Chiasson v. Rogers Terminal and Shipping Corporation*, 679 F.2d 410 (5th Cir.1982) as support for his theory that movement of the barge constitutes vessel negligence. In *Chiasson*, the Fifth Circuit held there was sufficient evidence from which the jury could find the injury caused by movement of a barge could have been prevented by a stern winch, therefore the vessel owner was negligent in not outfitting its vessel with a stern winch.

Plaintiff urges the Court to reject the "single mission" analysis as the Second Circuit rejected it in *Smith v. Eastern Seaboard Pile Driving, Inc.*, 604 F.2d 789 (2nd Cir.1979). This Court agrees with the Second Circuit that merely because longshoring activities are being conducted it does not follow that all persons at the site are engaged in longshoring activities. However, in this case the allegedly negligent party was a stevedore operating the crane unloading the barge, and not supervisory personnel as in *Smith*. It is not necessary to decide here where the line should be drawn in a close case between those engaged in stevedoring services and those whose activities constitute vessel negligence, because the Court has no difficulty finding ITO's crane operator was engaged in stevedoring services at the time of the accident.

### REASONS FOR DENYING UNITED'S MOTION FOR SUMMARY JUDGMENT

The Court finds there are genuine issues as to material facts which preclude granting a motion for summary judgment. Specifically, it is unclear precisely how the accident occurred, which defects in the barge allegedly caused the accident, whether the defects which caused the accident existed prior to the commencement of cargo operations and whether the barge owner or charterer knew of these defects, whether the defects which caused the accident were open and obvious, and whether the alleged open and obvious defects had to be faced notwithstanding knowledge of the plaintiff.

Accordingly,

IT IS ORDERED that the motion for summary judgment by ITO Corporation is GRANTED and the motion for summary judgment by Marine Equipment Company, United Barge Company and "Certain Underwriters at Lloyds" is DENIED.