# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-30441
Summary Calendar

JOHN JONES,

Plaintiff–Appellant,

v.

COOPER T. SMITH STEVEDORING CO., INC.,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-3879

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

John Jones appeals the district court's dismissal of his claim under § 905(b) of the Longshore and Harbor Workers' Compensation Act (LHWCA). We affirm.

## I

This lawsuit arises out of injuries Jones sustained while working for Cooper T. Stevedoring Co., Inc. (Cooper) as a longshoreman in the hold of a cargo

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barge in the Mississippi River. The cargo barge was moored to a crane barge, the DENISE M, owned by Cooper. Cooper was responsible for using the crane on the DENISE M to transfer cargo loads from the hold of another vessel, the M/V MASS ENTERPRISE, to the cargo barge. Jones's duty was to unhook cargo as it was lowered onto the cargo barge by the crane. Jones was injured when a load of cargo struck him and pinned him against the wall of the barge.

Jones initially sued Cooper under the Jones Act and general maritime law but later amended his suit to include an alternative claim of vessel negligence under § 905(b) of the LHWCA. The district court first granted summary judgment for Cooper on Jones's claims under the Jones Act, holding that Jones did not qualify as a seaman. The court later granted summary judgment for Cooper on Jones's LHWCA claim on the ground that Jones's injuries were not caused by vessel negligence, but rather by the negligence of persons providing stevedoring services to the vessel. Jones appeals only his LHWCA claim.

## II

We review the grant of a motion for summary judgment de novo, applying the same standard as the district court.[1] Summary judgment is appropriate when the competent summary judgment evidence demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2]

The LHWCA creates a compensation scheme for injured longshoremen, similar to state workers' compensation laws, that generally replaces negligence causes of action against employers.[3] Section 905(b), however, permits a

---

[1] *Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

[3] 33 U.S.C. §§ 904-05; *Levene v. Pintail Enters., Inc.*, 943 F.2d 528, 531 (5th Cir. 1991).

longshoreman to sue for injuries resulting from the negligence of a vessel.[4]  A vessel owner may be liable to a longshoreman injured during stevedoring operations under three circumstances:

> 1) if the vessel owner fails to warn on turning over the ship of hidden defects of which he should have known.
>
> 2) for injury caused by hazards under the control of the ship.
>
> 3) if the vessel owner fails to intervene in the stevedore's operations when he has actual knowledge both of the hazard and that the stevedore, in the exercise of obviously improvident judgment, means to work on in the face of it and therefore cannot be relied on to remedy it.[5]

But "the primary responsibility for the safety of the longshoremen rests on the stevedore."[6]  A longshoreman cannot sue the vessel for injuries caused by the negligence of persons engaged in stevedoring services.[7]

Here, the vessel owner was conducting its own stevedoring operations. When a longshoreman's employer acts in such a dual capacity, the employer is liable for acts of vessel negligence but still "retains its immunity for acts taken in its capacity as an employer [of the stevedore]."[8]  Accordingly, determining in which capacity Cooper and its employees acted is critical.[9]

---

[4] 33 U.S.C. § 905(b).

[5] *Robinson v. Orient Marine Co. Ltd.*, 505 F.3d 364, 365 (5th Cir. 2007) (quoting *Pimental v. LTD Canadian Pac. Bul*, 965 F.2d 13, 15 (5th Cir. 1992)).

[6] *Id.* (quoting *Singleton v. Guangzhou Ocean Shipping Co.*, 79 F.3d 26, 28 (5th Cir. 1996)).

[7] 33 U.S.C. § 905(b).

[8] *Levene,* 943 F.2d at 531.

[9] *See id.*

Jones contends that there are issues of material fact as to whether the employees he alleges were negligent were acting in their capacities as stevedores or as agents for the vessel owner. He alleges that two Cooper employees were negligent: Casey Curtis, the job superintendent who was overseeing the cargo operation, and Stephen Taylor, the crane operator who was overseeing a trainee operating the crane when the incident occurred. Jones asserts that Curtis was negligent in conducting the safety meeting before the stevedoring operation by failing to hold the meeting with both the longshoremen and the crane operators. Jones alleges that Taylor was negligent in his supervision of the trainee, who Jones claims operated the crane in a method different from the method the longshoremen expected. He argues that both of these acts of supervisory negligence were related to the "corporate concern and interests" of Cooper, and that, as such, the actions were at least partly in the employees' capacities as the agents of the vessel owner.

We think it clear that these alleged acts of negligence were in the Cooper employees' capacities as stevedores. Loading and unloading cargo are classic stevedoring activities.[10] Thus allegations of employee negligence with regard to loading and unloading cargo are generally allegations of negligence in the employee's stevedore capacity. Here, Jones alleges that Curtis negligently failed to hold a joint safety meeting with regard to the loading and unloading of cargo and that Taylor was negligent in his supervision of a trainee loading and unloading cargo. Both of these allegations relate to traditional stevedoring activities and have no ascertainable tie to vessel negligence.

Jones argues that the alleged acts of negligence were performed at least partly in the employees' capacities as agents of the vessel owner since they involve "corporate concerns and interests." He cites *Pichoff v. Bisso Towboat*

---

[10] *Durr v. Global Marine, Inc.*, 673 F.2d 740, 741 (5th Cir. 1982).

*Co., Inc.*[11] in support of his argument. There, the court held that a supervisor's comment to "hurry up" with a repair so that the vessel could be taken to a customer the next day was an action in his capacity as agent of the shipowner.[12] The court reasoned that the order was "guided by [] corporate concern" since the owner would lose money if the vessel was not provided to the customer.[13] Jones contends that this case is like *Pichoff* since safety meetings and training are corporate concerns.

Jones misapprehends the point of *Pichoff*. The court held that the "hurry up" comment was motivated in part by the company's corporate interests *as a vessel owner*.[14] But here, there is no indication that the relevant training and safety meetings relate to Cooper's interest as a vessel owner. The alleged negligence does not relate to vessel conditions or a vessel mission. It relates solely to stevedoring operations and thus provides no basis for a tort action under § 905(b). The district court correctly granted summary judgment on this issue.

*    *    *

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[11] 748 F.2d 300 (5th Cir. 1984).

[12] *Id.* at 303.

[13] *Id.*

[14] *Id.*