Calvin JONES, Plaintiff-Appellant,

v.

MISSISSIPPI RIVER GRAIN
ELEVATOR COMPANY,
Defendant-Appellee.

No. 82–3456
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1983.

Robert N. Clarke, Westwego, La., for plaintiff-appellant.

Bailey & Leininger, Darryl D. Sicarelli, Metairie, La., for defendant-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Jones, a bargeman employed by a grain elevator, sues his employer for negligent injury, alleging he was a Jones Act seaman, and alternatively for injury sustained through the unseaworthiness of a barge on which he was working (which was not owned by his employer). On the basis of the factual showing made, the district court granted summary judgment dismissing the suit. The court held that Jones was not a "seaman" and that, as an amphibious worker covered by the Longshoremen's and Harbor Workers' Act, his sole remedy was for compensation under that Act. We affirm.

Based almost entirely upon the deposition of the plaintiff Jones, the undisputed factual showing is:

Jones' duties as a bargeman were to perform certain duties on the barges (owned by various parties, none by his employer) that came to the grain elevator, usually six to seven a day, sometimes more. Jones was never assigned to any particular barge and had never worked on the same barge more than once. He was assigned on a random basis to the variously-owned barges as they came to his employer's grain elevator for unloading. He never ate, slept, or performed any maintenance on any vessels in connection with his employment.

Jones' particular duties, once a barge was in the slip, was to board it to make sure that the "proper procedures" for unloading were carried out. More specifically, he would place the sling of a mooring cable onto a cleat on the barge and then remove the covers from the barge's grain hoppers so that the grain could be removed. These duties took perhaps 15–20 minutes per barge. After the barge was secured to the dock by means of an electric winch situated on the dock, Jones' unloading work on the vessel was completed until after the barge had been entirely unloaded. After it was unloaded, he would reboard the barge in order to replace the covers on the grain hoppers. This also took about 20 minutes.

When Jones was not aboard a barge attaching the cables or removing or replacing the hopper covers, Jones was in a barge shack off the vessel. If there was a grain spill on the dock, Jones would clean it up.

██ Whether a person is a seaman is normally a question of fact for the trier, but the issue may be resolved by summary judgment where the undisputed material facts establish as a matter of law that an individual is not a Jones Act seaman. *Barrios v. Engine Gas & Compressor Services, Inc.,* 669 F.2d 350, 352 (5th Cir.1982). In holding that Jones was not a seaman, the district court held that the undisputed factual showing proved that he did not possess the requisite criterion of a more or less permanent assignment to a vessel or an identified fleet or group of vessels. *See, e.g., Barrios, supra,* 669 F.2d at 352. The district court pointed out that Jones was assigned on a random basis to perform unloading-preparation duties on a considerable number of variously-owned vessels of others than his employer.

We find no error in the district court's holding or of its grant of summary judgment under the undisputed factual showing. Accordingly, for the reasons more fully set forth by that court's opinion, we AFFIRM the dismissal of the plaintiff's suit.

AFFIRMED.