David E. TAUREL, Plaintiff–Appellant,

v.

CENTRAL GULF LINES, INC., et al., Defendants–Appellees.

No. 91–2138.

United States Court of Appeals, Fifth Circuit.

Nov. 25, 1991.

---

John F. Unger, Houston, Tex., for shipowners.

Richard J. Serpe, New Orleans, La., for plaintiff-appellant.

Jack B. Manning, Houston, Tex., for Eagle–Picher Industries.

Before THORNBERRY, DAVIS and WIENER, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

David Taurel appeals the district court's summary judgment, dismissing his suit as time-barred under the Jones Act and general maritime law. We are persuaded that a genuine issue of material fact exists as to when Mr. Taurel discovered, or should have discovered, his illness. We therefore reverse and remand this case for further proceedings.

I.

Mr. Taurel has been a merchant seaman since 1958. During most of his career, Mr. Taurel has complained of pulmonary and respiratory difficulties. Mr. Taurel visited a Public Health Service (PHS) hospital in 1963 and again in 1965, complaining of difficulty in breathing. None of his physicians suggested that he might be suffering from asbestosis on either visit.

From 1975 to 1981, Mr. Taurel visited a PHS hospital biannually for routine physicals. On each visit, physicians ordered chest x-rays and declared all of these "normal." The last negative x-ray was in 1981. Three years later, PHS physicians treated Mr. Taurel for bronchitis but made no diagnosis of asbestosis.

Sometime in 1986 or 1987, Mr. Taurel underwent a routine screening test, sponsored by his union, for asbestos-related problems. As a result of that testing, a physician diagnosed Mr. Taurel in 1987 as suffering from asbestosis. Mr. Taurel filed suit in April 1988, under the Jones Act and general maritime law, against the owners of vessels on which he had sailed and the manufacturers of asbestos-containing products for his asbestos-related injury.

The district court referred the matter to a special master, and the vessel owners filed a motion for summary judgment on grounds that Mr. Taurel's action was time-barred. The special master found that admissions Mr. Taurel made in his deposition established that he knew as early as 1980 that his problems might be asbestos related. The master recommended granting the defendants' motion. The master based this recommendation primarily on Mr. Taurel's statements in his deposition. Mr. Taurel testified in his deposition that in 1978 or 1979 seamen on his ship suggested to him that he might have been exposed to asbestos. Mr. Taurel also stated that in 1980 a PHS physician told him that his problems might be related to asbestos exposure. The district court followed the special master's recommendation, granted summary judgment to all defendants, and dismissed the suit. This appeal followed.

## II.

On appeal, the sole issue is whether the district court correctly determined that Mr. Taurel's action is time-barred. This Court reviews a grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. Summary judgment is proper when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

A three-year statute of limitations governs actions under the Jones Act. 46 App. U.S.C. § 688 (adopting the FELA limitations period in 45 U.S.C. § 56). Similarly, under the general maritime law, a plaintiff must bring a suit for damages for personal injuries within three years from the date the cause of action accrues. 46 App. U.S.C. § 763a.

The critical question we must decide in today's case is whether the district court correctly concluded from Mr. Taurel's deposition testimony that his cause of action accrued as early as 1980 when a doctor and shipmates told him that his problems might be asbestos related.

## III.

As all parties recognize, Mr. Taurel seeks damages resulting from a latent injury, asbestosis. A latent injury is one that may be undiscoverable until long after the tortious act causing the injury has occurred and the applicable limitations period has run. The Supreme Court has held that in "latent injury" cases the statute of limitations begins to run only when the injury manifests itself. *Urie v. Thompson,* 337 U.S. 163, 170, 69 S.Ct. 1018, 1024–25, 93 L.Ed. 1282 (1949). This Court has held in such cases that "the plaintiff's cause of action does not accrue on the date the tortious act occurred, but on the date the plaintiff discovers, or reasonably should have discovered, *both the injury and its cause.*" *Albertson v. T.J. Stevenson & Co., Inc.,* 749 F.2d 223, 229 (5th Cir.1984) (emphasis added). See also *United States v. Kubrick,* 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979).

The summary judgment evidence here raises a genuine issue of material fact concerning when Mr. Taurel discovered, or should have discovered, that he had asbestosis. The special master's recommendation rests on Mr. Taurel's deposition testimony that fellow seamen and a doctor told him that exposure to asbestos *might* have caused his condition. Neither of these conversations demonstrates that Mr. Taurel knew, or should have known, that asbestos was more likely responsible for his problems than other potential causes.

The record establishes that no physician *diagnosed* Mr. Taurel's asbestosis until 1987. The statements by Mr. Taurel's shipmates in 1978 or 1979 were not medical

opinions. Most importantly, from 1975 to 1981, PHS physicians took x-rays of Mr. Taurel's chest four times and concluded each time that his chest was normal. The physician's oral reference to asbestosis in 1980 may have been rank speculation. The physician's failure to include this diagnosis in Mr. Taurel's medical records tends to support this view. The last of these x-rays, taken in 1981 the year after Mr. Taurel's conversation with the doctor, did not reveal findings consistent with asbestosis.

We are persuaded that a question of fact exists as to when Mr. Taurel discovered, or should have discovered, that he had asbestosis. The district court therefore erred in concluding that Mr. Taurel's suit was time-barred. Accordingly, we reverse the district court's summary judgment and remand this case for further proceedings consistent with this opinion.

REVERSED and REMANDED.