Monte Brent NEWSOM, Plaintiff,

v.

CONTINENTAL GRAIN COMPANY,
Defendant.

Civ. No. 4–91–836.

United States District Court,
D. Minnesota,
Fourth Division.

May 10, 1993.

John A. Cochrane, Esq., Patrick C. Smith, and Cochrane & Bresnahan, P.A., St. Paul, MN, for plaintiff.

James S. Simonson, and Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, MN, Raymond L. Massey, Anthony G. Simon, and Thompson & Mitchell, St. Louis, MO, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant Continental Grain Company's ("Continental") motion for summary judgment. Based on a review of the file, record and proceedings herein, Continental's motion for summary judgment is granted.

## BACKGROUND

Continental operates a grain elevator, truck unloading and barge loading facility in Savage, Minnesota. Continental hired plaintiff Monte Newsom in September 1979, to work at its facility. Newsom generally performed one of two jobs: weighing, dumping and cleaning trucks loaded with grain at Continental's land-based elevator or assisting in the loading of grain into barges and cleaning barges moored at Continental's river dock. Newsom did not know which job he would perform until he arrived at work each day.

Newsom alleges that he sustained injuries in 1981, 1987 and 1989 while working at Continental. Newsom states that he sustained his 1987 and 1989 injuries while working on a barge, but fails to state where the alleged 1981 injury occurred. *See* Complaint at ¶¶ 7 and 8. Newsom alleges that his injuries have resulted in pain, suffering and permanent injury and are likely to prevent him from performing any future duties at Continental. Newsom further alleges that Continental has refused to pay for his medical expenses and maintenance. Newsom thus filed this action on October 17, 1991, seeking to recover damages from Continental under general maritime law (Count I) and the Jones Act, 46 U.S.C.App. § 688 (Count II).

Continental now moves for summary judgment on Newsom's claim under the Jones Act.[1] Continental contends that Newsom's Jones Act claim fails because he cannot satisfy all of the requirements for maintaining such a claim. Specifically, Continental contends that Newsom cannot establish seaman status. In the alternative, Continental contends that even if Newsom is able to establish seaman status, his claims based on alleged injuries arising in 1981 and 1987 are barred by the three-year statute of limitations applicable to the Jones Act.[2]

Newsom's counsel admitted during his oral argument that Newsom's claims stemming from alleged injuries in 1981 and 1987 are barred by the Jones Act's three-year statute of limitations and does not dispute that summary judgment on those particular claims in favor of Continental is appropriate. Newsom asserts, however, that summary judgment on his Jones Act claim stemming from his alleged 1989 injury is not appropriate because of material disputes concerning the facts needed to establish seaman status. In particular, Newsom argues that there is a material fact dispute concerning both his job duties and the ownership of the barges using Continental's facilities. Newsom thus asserts that additional discovery is needed to resolve the disputed issues and asks the court to deny Continental's motion.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which requires the trial judge to direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

---

1. Continental makes no motion on Newsom's general maritime law claim as set forth in Count I of the complaint. Nor does Continental allege that the concerns underlying a claim based on general maritime law are similar to those underlying a claim based on the Jones Act. The court thus limits its discussion to the propriety of Newsom's Jones Act claim.

2. *See e.g., Taurel v. Central Gulf Lines, Inc.,* 947 F.2d 769, 771 (5th Cir.1991) ("A three-year statute of limitations governs actions under the Jones Act.").

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53. With this standard at hand, the court will consider Continental's motion for summary judgment.

█ The Jones Act provides, in part, that: Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury....

46 U.S.C.App. § 688(a). Congress did not define "seaman" in the Jones Act. The question of seaman status is thus a mixed question of law and fact. *McDermott Int'l, Inc. v. Wilander,* 498 U.S. 337, 356, 111 S.Ct. 807, 818, 112 L.Ed.2d 866 (1991). The court must determine the legal standard defining seaman. *Id.; Leotis v. City of New York,* 818 F.Supp. 63, 64–65 (S.D.N.Y.1993) (citation omitted). On a summary judgment motion, if the court determines that a dispute exists concerning the facts needed to determine seaman status, it is the province of the jury to determine whether the legal standard has been met. *McDermott,* 498 U.S. at 356, 111 S.Ct. at 818; *Leotis,* 818 F.Supp. at 64–65.

█ Newsom has the burden of demonstrating seaman status. *Bernard v. Binnings Constr. Co.,* 741 F.2d 824, 827 (5th Cir.1984); *Buccellato v. City of New York,* 808 F.Supp. 967, 971 (E.D.N.Y.1992) (citation omitted). In order to establish seaman status, Newsom must show that he was permanently assigned to a vessel or fleet of vessels or performed a substantial part of his work on the vessel or fleet of vessels and his work contributed to the mission of the vessel or fleet of vessels. *Campo v. Electro–Coal Transfer Corp.,* 970 F.2d 51, 52 (5th Cir.) (citing *Barrett v. Chevron, U.S.A., Inc.,* 781 F.2d 1067, 1074 (5th Cir.1986) (en banc); *Offshore Co. v. Robinson,* 266 F.2d 769, 779 (5th Cir.1959)), *cert. denied,* —— U.S. ——, 113 S.Ct. 1261, 122 L.Ed.2d 659 (1993); *Leotis,* 818 F.Supp. at 65–66; *Buccellato,* 808 F.Supp. at 971 (citations omitted).

Continental contends that Newsom's Jones Act claim is not viable because he cannot establish that he worked on a particular barge or an identifiable fleet of barges.[3]

---

3. Continental raises no issue concerning the classification of barges as vessels for purposes of the Jones Act. A Jones Act vessel is one which "was designed or used primarily for the transportation of cargo, equipment, or persons across navigable waters or was, at the time of [the plaintiff's] injuries, engaged in navigation." *DiGiovanni v. Traylor Bros., Inc.,* 959 F.2d 1119, 1123 (1st Cir.) (quoting *Bernard v. Binnings Constr. Co.,* 741 F.2d 824, 829 (5th Cir.1984)), *cert. denied,* —— U.S. ——, 113 S.Ct. 87, 121 L.Ed.2d 50 (1992). Courts often look at the existence or non-existence of certain features on a vessel, such as navigational lights, fog lights, bilge pumps and life-saving equipment, in determining whether a

particular vessel is a "vessel in navigation under the Jones Act. *See e.g., Smith v. Massman Constr. Co.,* 607 F.2d 87, 88–89 (5th Cir.1979) (vessel did not constitute a vessel under the Jones Act because it had no "motive power, navigation lights, instruments, living quarters, bilge pumps, raked bow, or any other indication that it was to be used in navigation or commerce") (citations omitted). In this case, the parties presented no factual or legal argument concerning the classification of the barges as vessels under the Jones Act. Because it determines that the present record contains insufficient information on which to base such a determination, the court will not

Newsom contends that requiring a plaintiff to establish that he worked on a particular vessel or on a specific group of vessels "is an eroding element to the seaman status test" and urges the court not to apply that factor in this case. *See* Newsom's Memorandum in Opposition at p. 9. Newsom asserts that after the Supreme Court's ruling in *McDermott*, the court need only analyze his employment-related connection to a vessel in navigation to determine seaman status. *Id.* In support of his argument, Newsom directs the court to examine the Supreme Court's analysis in *Bach v. Trident Steamship Co.*, —— U.S. ——, 111 S.Ct. 2253, 114 L.Ed.2d 706 (1991), but provides little analysis of his own.

Upon examination, the court finds that neither *McDermott* nor *Bach* lend credence to Newsom's argument. In *McDermott*, the Supreme Court limited its discussion to the narrow issue of whether a plaintiff must have aided in the navigation of a vessel in order to obtain seaman status. *McDermott*, 498 U.S. at 356, 111 S.Ct. at 818. ("The question presented here is narrow.... We are asked only if ... [the plaintiff] should be precluded from seaman status because he did not perform transportation-related functions on board the *Gates Tide.*"). The Supreme Court concluded that a plaintiff did not need to contribute to the navigation of a vessel in order to sustain a Jones Act claim. *Id.*, 498 U.S. at 353, 111 S.Ct. at 816. ("We think the time has come to jettison the aid in navigation language."). Instead, the Supreme Court stated that the proper inquiry concerns the plaintiff's connection to the vessel's mission, not the plaintiff's connection to the vessel's navigation. *Id.*, 498 U.S. at 355, 111 S.Ct. at 817 ("It is not the employee's particular job that is determinative, but the employee's connection to a vessel.... The key to seaman status is employment-related connection to a vessel in navigation.... It is not necessary that a seaman aid in navigation or contribute to the transportation of the vessel, but a seaman must be doing the ship's

independently consider whether the barges at issue in this case constitute vessels for purposes of the Jones Act. Should the court determine that the situation so warrants, it will request additional briefs on this issue.

work."). The Supreme Court did not discuss whether a plaintiff asserting a Jones Act claim need establish that he worked on a particular vessel or fleet of vessels.

In *Bach*, the Supreme Court remanded a case involving a Jones Act claim for reconsideration in light of *McDermott*. *Bach v. Trident S.S. Co.*, —— U.S. ——, 111 S.Ct. 2253, 114 L.Ed.2d 706 (1991). Upon remand, the Fifth Circuit determined that the holding set forth in *McDermott* did not affect its conclusion that Bach was not a seaman.

> The court in ... [*McDermott*] concluded that a maritime worker need not aid in the navigation of a vessel to be a seaman. That holding, however, does not affect this court's conclusion that Bach was not a seaman. We did not base our decision on Bach's seaman status on the relationship of his duties to navigation. Indeed, this issue was never in doubt. Instead, we concluded that Bach was not a seaman because he was not permanently assigned to any particular vessel or fleet of vessels.

*Bach v. Trident S.S. Co.*, 947 F.2d 1290, 1291 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 1996, 118 L.Ed.2d 592 (1992). The Fifth Circuit thus reinstated its prior judgment. *Id.*

Based on the foregoing discussion, the court finds that Newsom's argument concerning the effects of *McDermott* and *Bach* on the standard for establishing seaman status is without merit. The court thus concludes that in order to sustain his Jones Act claim, Newsom must demonstrate that he was (1) permanently assigned to a vessel or fleet a vessels or (2) performed a substantial part of his work on a vessel or fleet of vessels and his work contributed to the mission of the vessel or fleet of vessels.

Newsom does not contest Continental's assertion that he received no permanent assignment to a particular barge or fleet of barges and performed no portion of his work on only one particular vessel.[4] Thus, the

4. To establish "permanent assignment to a vessel," a plaintiff must demonstrate that he performed a substantial portion of his duties aboard a vessel or specific group of vessels. *Bertrand v. International Mooring and Marine, Inc.*, 700 F.2d 240, 246 (5th Cir.1983), *cert. denied*, 464 U.S.

court need only determine whether Newsom performed a substantial part of his work on a fleet of vessels, and if so, whether his work contributed to the mission of the fleet.

For purposes of the Jones Act, a fleet " 'is an identifiable group of vessels acting together or under one control.' " *Campo*, 970 F.2d at 52 (footnote omitted) (quoting *Barrett v. Chevron, U.S.A.*, 781 F.2d 1067, 1074 (5th Cir.1986) (en banc)). Continental asserts that numerous barges owned by various companies used its facilities each day and Newsom was assigned to no particular group of vessels. Continental thus argues that summary judgment on Newsom's Jones Act claim is warranted because Newsom worked on no group of vessels acting together or under one control. Newsom, however, contends that summary judgment is not warranted because of the existence of a fact dispute concerning the ownership of the barges using Continental's facility. Specifically, Newsom contends that he has reason to believe that all of the barges using Continental's facilities at the time of his injury were actually owned by a subsidiary of Continental and that more discovery is needed to flush out his allegations.

Upon examination of the record, the court finds that Newsom has failed to either identify a fleet of vessels upon which he worked or establish a fact dispute that would preclude summary judgment. The record indicates that a large number of barges, owned by various entities, used Continental's facilities. Newsom has not established common control of those barges. Newsom's bare allegation that Continental actually owned each of the barges using its facility through use of subsidiaries, without more, is not sufficient to withstand Continental's summary judgment motion. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553 (The nonmoving party may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial). In addition, that Continental may have owned some of the barges using its facility does not warranted a denial of summary judgment. *See e.g.*, *Campo*, 970 F.2d at 53 ("It is well established that a large number of variously owned and controlled vessels does not constitute a fleet.") (citations omitted); *Waguespack v. Aetna Life and Casualty*, 795 F.2d 523, 526 (5th Cir.) ("Because Waguespack acknowledged that the grain barges moving through the ... [employer's] facility were owned by other companies as well as by ... [the employer], he was attached to no identifiable fleet so as to claim seaman status."), *cert. denied*, 479 U.S. 1094, 107 S.Ct. 1309, 94 L.Ed.2d 163 (1987). Moreover, that all of the barges upon which Newsom worked used Continental's facility does not establish con-

---

1069, 104 S.Ct. 974, 79 L.Ed.2d 212 (1984). The relationship must be "substantial in point and time and not merely spasmodic." *Id.; see also White v. Valley Line Co.*, 736 F.2d 304, 306 (5th Cir.1984) (finding no permanent assignment and no substantial portion of work performed on a vessel where "[a]s many as 140 vessels passed through the fleeting facility on a given day, and ... [the plaintiff's] assignment to any of the ships was random and impermanent" and where "[h]is duties aboard the various vessels took from a few minutes to several hours.")

Applying this standard in a case factually similar to the one at bar, the Fifth Circuit determined that a plaintiff could not demonstrate permanent assignment to a vessel or fleet of vessels. *See Jones v. Mississippi River Grain Elevator Co.*, 703 F.2d 108 (5th Cir.1983), *cert. denied*, 464 U.S. 856, 104 S.Ct. 175, 78 L.Ed.2d 157 (1983).

Jones' duties as a barge man were to perform certain duties on the barges (owned by various duties, none by his employer) that came to a grain elevator, usually six to seven a day, sometimes more. Jones was never assigned to a particular barge and has never worked on the same barge more than once. He was assigned on a random basis to the variously-owned barges as they came to his employer's grain elevator for unloading. He never ate, slept, or performed any maintenance on any vessels in connection with his employment. Jones' particular duties ... [were to] place the sling of a mooring cable onto a cleat on the barge and them remove the covers from the barge's grain hoppers so that grain could be removed.

*Id.* at 109.

In affirming the district court's grant of summary judgment in favor of the employer, the Fifth Circuit stated:

In holding that Jones was not a seaman, the district court held that the undisputed factual showing proved that he did not possess the requisite criterion of a more or less permanent assignment to a vessel or an identified fleet or group of vessels.... The district court pointed out that Jones was assigned on a random basis to perform unloading preparation duties on a considerable number of variously owned vessels of other than his employer.

**1192**

trol. *Campo,* 970 F.2d at 53 n. 4 (" '[C]ontrol' encompasses more than a temporary authority to perform an isolated task on a vessel."). Accordingly, because it finds that Newsom has not established a relationship to a fleet of vessels the court concludes that Newsom does not qualify as a Jones Act seaman. Further, because the court finds that Newsom has failed to create a fact dispute precluding summary judgment, the court concludes that summary judgment in favor of Continental is warranted.

■ The court notes that even if Newsom had established a relationship to a fleet, summary judgment would still be appropriate. Similar to the permanency requirement, the requirement that a plaintiff perform a substantial portion of his work aboard a vessel or fleet of vessels is premised on the theory that the plaintiff's employment "must not be sporadic and the relationship between the individual and the . . . ships must be substantial in point of time and work." *Bouvier v. Krenz,* 702 F.2d 89, 91 (5th Cir.1983) (quoting *Braniff v. Jackson Ave.–Gretna Ferry, Inc.,* 280 F.2d 523, 528 (5th Cir.1960.)). The court must not "read [the seaman standard] so broadly as to confer seaman status on every worker whose duties place him aboard a large number of randomly owned and controlled vessels for short periods of time that aggregate to comprise a substantial portion of his working time. . . ." *Buras v. Commercial Testing and Eng'g Co.,* 736 F.2d 307, 311 (5th Cir.1984). Applying that standard to the facts underlying this case, the court concludes that Newsom did not perform a substantial portion of his work for Continental on a vessel or fleet of vessels and thus does not qualify as a seaman under the Jones Act.

Based on the foregoing, IT IS HEREBY ORDERED that Continental's motion for summary judgment on Newsom's Jones Act claim is granted.